IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OLENA MARKOS, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE |
| | : NO. _____ |
| EASTPOINT RECOVERY GROUP, INC., a New York corporation, | : |
| Defendant. | : |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and a supplemental state law claim under the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390 et seq.

**SUBJECT MATTER JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 (federal question jurisdiction).

3. This court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claims as they are so related to Plaintiff's federal question claim that they form part of the same case or controversy.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State, District and Division who is authorized by law to bring this action.

5. Defendant EASTPOINT RECOVERY GROUP, INC. is a corporation organized under the laws of the state of New York. [Hereinafter said defendant is referred to as "EASTPOINT"].

6. EASTPOINT transacts business in this state and district.

7. EASTPOINT's transactions in this state and district give rise to Plaintiff's cause of action.

8. EASTPOINT is subject to the jurisdiction and venue of this Court.

9. EASTPOINT may be served by personal service upon an officer or authorized agent in the State of New York at its principal place of business, to wit: 26 Mississippi Street, Suite #200, Buffalo, New York 14203.

10. Alternatively, EASTPOINT may be served by personal or substitute service

pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or New York.

.

## FACTS COMMON TO ALL CAUSES

11. EASTPOINT uses mail and telephone communications in its business.

12. The principle purpose of EASTPOINT's business is the collection of debts.

13. EASTPOINT regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

14. EASTPOINT is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

15. In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a business not a party to this litigation, EASTPOINT communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

16. The alleged debt arose from a Capital One World Elite Mastercard.

17. The alleged debt which EASTPOINT attempted to collect from the Plaintiff was incurred for personal, family or household purposes.

18. During the 12 months directly preceding the filing of this complaint,

EASTPOINT made telephone communications to Plaintiff.

19. It is the practice and procedure of EASTPOINT not to leave its business name in telephone voice mail communications to consumers such as Plaintiff.

20. It is the practice and procedure of EASTPOINT not to identify itself as a debt collector in telephone voice mail communications to consumers such as Plaintiff.

21. It is the practice and procedure of EASTPOINT not to disclose the purpose of the call in telephone voice mail communications to consumers such as Plaintiff.

22. In at least five telephone voice mail communications sent to Plaintiff, EASTPOINT did not meaningfully disclose its identity.

23. In at least five telephone voice mail communications sent to Plaintiff, EASTPOINT did not state that the communication was from a debt collector.

24. In at least five telephone voice mail communications sent to Plaintiff, EASTPOINT did not state that the purpose of the communication was an attempt to collect a debt.

25. EASTPOINT made false threats of litigation in its collection messages.

26. Specifically, EASTPOINT's agent falsely states that they are going to file or submit a final recommendation.

27. EASTPOINT's agent also falsely states that the collection matter is pending.

28. EASTPOINT's agent also threatened to improperly contact a third party.

29. Specifically, EASTPOINT's agent left a recorded message stating they were going to contact the plaintiff's human resource department.

30. There was no permissible reason to contact plaintiff's employer.

31. The statements made by EASTPOINT's agents are confusing, deceptive and misleading to the least sophisticated consumer.

32. The statements made by EASTPOINT's agents regarding filing a claim, the false status statements regarding the pendency of the claim, and threats to contact make an impermissible contact with the human resource department of Plaintiff's employer, were designed to intimidate the Plaintiff into paying the account and to discourage the consumer from exercising her consumer rights.

33. EASTPOINT did not send a written notice to plaintiff within 5 days of the initial telephone communication.

34. Alternatively, EASTPOINT does not have adequate procedures in place to make sure that the letters that are sent to debtors are current.

35. EASTPOINT's ordinary course of business conduct violates multiple sections of the FDCPA.

36. EASTPOINT's policy for leaving messages with consumer debtors is intentional.

37. Alternatively, EASTPOINT's policy for leaving messages was measured and calculated.

38. EASTPOINT's noncompliance was frequent, persistent and intentional.

39. Defendant's communications violate the Fair Debt Collection Practices Act.

40. Defendant's communications violate the Georgia Fair Business Practices Act.

41. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

42. Defendant's violations of the FDCPA include, but are not limited to, the following:

43. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

44. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

45. The false representation of the character, amount, or legal status of any debt, in violation of 15 U.S.C. 1692e(2)(A);

46. The threat to take action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

47. The use of any false, deceptive or misleading representations or means in connection with the attempt to collect any debt, in violation of 15 U.S.C. §§ 1692e and e(10);

48. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

49. The failure to effectively provide a written statement of the consumer's rights, in violation of 15 U.S.C. § 1692g;

50. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

51. Defendants' actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

52. As a result of defendants' actions, Plaintiff is entitled to an award of 1) actual damages, including general damages for worry, concern, anxiety and emotional distress, 2) treble damages, 3) exemplary damages, as well as 4) an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

    a) That Plaintiff be awarded statutory, actual, treble and exemplary damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

         SKAAR & FEAGLE, LLP

    by:  /s/ James M. Feagle
       James M. Feagle
       Georgia Bar No. 256916
       jfeagle@skaarandfeagle.com
       108 East Ponce de Leon Avenue
       Suite 204
       Decatur, GA 30030
       404 / 373-1970
       404 / 601-1855 fax

       Kris Skaar
       Georgia Bar No. 649610
       krisskaar@aol.com
       Justin T. Holcombe
       Georgia Bar No. 552100
       jholcombe@skaarandfeagle.com
       P.O. Box 1478
       331 Washington Ave.
       Marietta, GA 30061-1478
       770 / 427-5600
       404 / 601-1855 fax